### YOUNGS et al. v. YOUNGS et al.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

WILLS—UNACCEPTED DEVISE—CHARGES.

> Where a testator devised lands to a son, subject to payment of the son's debts to testator, but the son did not accept the devise, so that the lands passed to the heirs at law of the testator, the debts to which the unaccepted devise was made subject became charges on all the shares in the lands so devised, and could not be restricted only to the shares which went to the son's children.

Appeal from Judgment on Report of Referee.

Action by Fanny H. Youngs, as sole surviving executrix of the last will and testament of Thomas F. Youngs, deceased, and others, against Ada C. Youngs and others. From the judgment, defendants appeal. Affirmed.

The following is substantially the referee's report:

I, George H. Adams, to whom by an order entered in this action, on the 28th day of October, 1888, it was referred to hear and determine the same, do report that, having taken the oath required by statute, I have been attended by the attorneys and counsel of all the parties who have appeared in this action; that various witnesses have been examined before me by the various parties, and that various papers, documents, vouchers, and the survey and map of the premises set forth in the complaint have been produced and given in evidence before me and marked as exhibits; that the only parties to this action who have not appeared therein are Lavine G. Meyer and Alfred Youngs and Emma Theresa, his wife, and that due proof was produced and filed with me, showing that the summons and various complaints in this action were duly served upon each of said defendants personally within the state of New York, and that none of them had appeared nor answered nor

demurred, and such proofs are hereto annexed; that, during the pendency of this action before me, the defendant Gertrude W. Cheever was delivered of a child, who has been named Gertrude Graham Cheever, who has been duly made party to this action, and its guardian ad litem, John B. Cheever, has duly appeared herein by his attorneys, Lowery, Stone & Auerbach, and an order was made by this court on the 5th day of October, 1889, that the said infant be bound by all the proceedings had in this action prior to that time.

I do further report that, pursuant to the prayer of the complaint, I have caused a survey and map of the lands which form the subject-matter of this action to be made by I. Coles, surveyor, of Glen Cove, Long Island, who has appeared before me as a witness and verified the same, and I have received in evidence his map thereof, and have marked it as "Plaintiff's Exhibit A," May 10, 1889; that descriptions of the said land by metes and bounds have been proved before me by the same witness, and the same appear hereinafter in this my report; further, that the cost of said survey and map is $215.

I further report, and it was proved before me, that Thomas F. Youngs, the testator referred to in this action, died on the 3d day of March in the year 1883, at Oyster Bay, Queens county, state of New York, seised in fee simple of the lands which form the subject-matter of this action, containing 365 acres, and valued at about $125,000; that he left his last will and testament and codicil thereto, devising the said lands, and the said will and codicil were duly proved as a will of real and personal estate before the surrogate of the county of Queens, on the 5th day of April, 1883, and as such recorded in his office as a will and codicil of real and personal property; that he appointed the plaintiffs as executrices and trustees thereof, who have qualified as such, and are now acting; that the testator devised to the plaintiff, Henrietta Graham Youngs, his widow, for life, all of his said lands; that the testator devised to his said executrices, as trustees for the benefit of his son Alfred for life, the southerly part of his said lands, and one-third of his salt meadow from and after the death of the widow; the trust is to rent or use the same, and to apply the income to the use of his son Alfred during his life; that subject to said two devises for life he devised all of his said lands in fee to his son Graham, charged with the payments of the legacies to the widow and to the executrices, which it is the object of this action to enforce; that this son never accepted said devise, and died after the testator, and before the commencement of this action; that the plaintiffs and defendants are the widow, executrices, trustees, legatees, and devisees, and all of the heirs at law and next of kin of the said testator, and that there are no other legatees, devisees, heirs at law, or next of kin of the testator.

I further report the facts and conclusions of law as follows:

### Findings of Fact:

First. Thomas F. Youngs, the testator referred to in this action, died in the year 1883 at Oyster Bay, Queens county, state of New York, seised in fee simple and in possession of the lands which form the subject-matter of this action, and which are described as * * *.

Second. That he left his last will and testament and codicil thereto, devising the said lands and creating the legacies in question; that the said will and codicil were duly proved as a will of real and personal estate before the surrogate of the county of Queens on the 5th day of April, 1883, and as such was recorded in his office as a will and codicil of real and personal property, and are as follows:

"In the name of God, Amen. I, Thomas F. Youngs, of the Town of Oyster Bay, Long Island, Merchant, being in good health of body and of sound and disposing mind, memory and understanding, blessed be God for the same, and being mindful of the uncertainty of life, and the certainty of death, do make and ordain this to be my last Will and Testament of all the estate, real and personal, that I may be in any way entitled to at my decease, that is to say:—

"First: I give and bequeath to my beloved wife Henrietta Graham Youngs all my household furniture, plate, plated and silver ware, pictures, wines, liquors, horses, carriages, harness, wagons, farming stock and farming utensils, wherever any of the same may be at the time of my death situate, and

all the crops that may be growing or gathered or ungathered on my land at the time of my death.

"Second: I give and devise to my said wife during her natural life all of my lands at Oyster Bay and the residence and other buildings thereon, with full right to her to cut trees therefrom for fencing the same, and for firewood to be used on the premises, and for other farming and domestic purposes, but not for the purpose of sale, except as hereinafter authorized, or with the consent of those owning the estate in remainder.

"Third: I give to my said wife for her own exclusive use and benefit the sum of Twenty-five thousand dollars.

"Fourth: I give to my daughter, Fanny Henrietta, for her own exclusive use and benefit, the sum of Fifty thousand dollars.

"Fifth: I give to my daughter Lavine G. Meyer, wife of George A. Meyer, for her own exclusive use and benefit, the sum of Forty-five thousand dollars.

"Sixth: In addition to the provisions made in the deed of trust executed by me in March, 1877, for the benefit of my daughter Alice E. Nash, and then over, I give to my Executors an additional sum of Twenty-five thousand dollars, in trust to receive the income thereof, and apply the same to the use of my said daughter Alice E. Nash, during her natural life, and on her death the capital shall pass to such of her issue as she shall bequeath the same to if she have any; and power is hereby given to her so to dispose of the same by her Will duly executed; and in default of said Will the said capital shall pass to her issue equally per stirpes, if she leave any surviving her; and in case she shall leave no issue surviving her, then said capital shall pass to her sisters who shall survive her; or if no sister survive her, then to the issue of each deceased sister who may leave issue surviving said Alice, per stirpes.

"Seventh: I give and bequeath to my Executors hereinafter named the sum of Fifty thousand dollars, in trust nevertheless during the life of my daughter Gertrude W. Youngs, to invest the same in such stocks or other securities whether real or personal, public or private, as to said trustees may seem best, with full power of changing the same and with like power of reinvestment, and to apply the interest and income to be derived therefrom to the use of my said daughter Gertrude W. as it shall accrue, but not in advance, during her natural life, subject to the qualifications hereinafter expressed and the powers hereinafter given, namely: First: On the written request of my daughter, Gertrude W., duly acknowledged by her, as deeds of married women are acknowledged, to invest the whole or any part of one-half of the principal sum that shall be held for her benefit in the payment in whole or in part for the purchase of a house and land for and in the name of said Gertrude W., the conveyance to be made to her in her own name in fee; or said one-half of said principal sum shall on her written request or receipt be paid to her for her own use in any way she may so direct, and she shall thereafter hold such house and land or such money so to be paid over to her free from any trust and for her own use. Second: I give to my said daughter Gertrude W., power by Will, or instrument in the nature thereof, to dispose of such part of said principal sum of Fifty thousand dollars as shall remain subject to the trusts herein mentioned, to or among such one or more of her issue, if she have any, and in such proportions as she may see fit; and in default of such disposition or appointment, I give such part of said principal sum of money as shall remain at her death, subject to the trusts herein mentioned to her issue surviving her equally per stirpes; and, in case there be no issue, said part of said principal sum shall pass to her sisters, who shall survive her, equally; or if no sisters survive her, then to the issue of each deceased sister who may leave issue surviving said Gertrude per stirpes, and the trustees of such fund shall, on the respective contingencies herein provided for, transfer any property held by the trustees in this clause mentioned, to the persons to whom it is herein declared that the same are to belong or to pass.

"Eighth: I give to Josephine G. Youngs, daughter of my son Graham Youngs, the sum of One thousand dollars.

"Ninth: If there shall not be enough of my personal estate, (exclusive of articles specifically bequeathed) to pay the above mentioned pecuniary lega-

cies in full after paying my debts and funeral and Testamentary expenses, said pecuniary legacies shall each abate pro rata. If there shall be any surplus of my personal estate, exclusive of article specifically bequeathed after paying said debts and funeral and testamentary expenses and also said pecuniary legacies in full, such surplus shall be collected by my executors, including among other things debts due to me from my two sons, Graham and Edward, respectively, and from others, and shall be divided into four equal shares, one share to go to my said daughter Lavine; another share to go to my said daughter Fanny Henrietta; another share to go to the trustee of my said daughter Alice E. and then over for the same trusts and purposes, and for the same persons and estates and with the like powers as are herein given in relation to the principal sum hereinbefore given to or for the benefit of said Alice E.; the other share to go to the trustees for my said daughter Gertrude W. and then over for the same trusts and purposes, and for the same persons and estates and on the same contingencies and with the like powers as are herein given in relation to the principal sum hereinbefore given to or for the benefit of said Gertrude W.

"Tenth: I charge the shares of the lands herein devised to my sons Graham Youngs and Edward A. Youngs, respectively, with the payment to be made to my Executors of all debts that they respectively may owe to me at my decease, and with all advances that I have made, or shall make to them respectively; the same when collected to be deemed part of my personal estate and to pass accordingly.

"Eleventh: After the death of my wife, I give, devise and bequeath to my sons Graham Youngs and Edward A. Youngs, and their heirs, as tenants in common, subject to the same interest or Estate in favor of my wife (and the charges herein made thereon) all and so much of my lands (except my salt meadow) in the Town of Oyster Bay as lies Northerly of a line which is described as follows; that is to say: Beginning at a point formed by the intersection of the Northerly side or line of the road leading to my house from the highway which runs from Oyster Bay to Cold Spring, and running thence North sixty-four degrees and thirty minutes East, twenty-three chains along the Northerly side of said first mentioned road to a white oak tree now standing near my dwelling house; thence North sixty degrees and. six minutes, five chains and fifty two links to a chestnut tree on the East side of the wood near to the orchard; thence North eighty-one degrees East, seven chains and thirty links to a marble monument bearing the initials of my name, thence North seventy-eight degrees East eight chains and six links to a chestnut tree a little North of the gate near my barn in the back field; thence North fifty degrees East nine chains and eighty two links to another marble monument bearing the initial letters of my name, just south of the gate at the wood adjoining land now or late of Oliver H. Jones, and running thence along the division line between my land and the land now or late of said Jones to the shore and water at Cold Spring Harbor, together with all my rights, claim, title and estate of any and every nature and kind, whatever in and to the lands under water in front of the same, and all water rights and privileges therein or thereto, together with all the buildings on said lands so devised, and I give, devise and bequeath to my said sons Graham and Edward A. their heirs and assigns as tenants in common, a right of way from said highway and along and on the Southerly side of the line so described and established to the road or lane which leads over part of the land so devised to them, from a point at or near the land now or late of said Jones to Cold Spring Harbor. To the devisees of the land in the next clause mentioned and to their heirs and assigns I give, devise and bequeath a right of way over said last· mentioned road or lane from the point last named to Cold Spring Harbor, such rights of way respectively to include the right of passage each way along said lane and over said road or lane by them and their servants and with horses, cattle and other animals, and with carts, wagons, and other vehicles, and such matters or things as may be loaded thereon or attached thereto.

"Twelfth: After the death of my wife, I give and devise to the Executors of my Will in trust as hereinafter mentioned, but subject to the said estate or interest in behalf of my wife and to the charges herein made thereon, all of my lands in said Town of Oyster Bay lying Southerly of the said line as

so above described and established between said public road or highway and said Cold Spring Harbor, and including my house and lands at Cold Spring Harbor; subject nevertheless to the right of way so as above given and devised to my said sons Graham and Edward, and their heirs, and with the right of way devised in the preceding Eleventh clause of this Will to the devisees in this twelfth clause, the said Executors to have and to hold the lands and rights devised in this clause in trust to receive the rents and profits thereof during the life of my son Alfred Youngs, and to apply the same to his use during his natural life, and after his death the said lands and rights in this clause devised shall pass to my said sons Graham and Edward as tenants in common in fee.

"Thirteenth: After the death of my wife, I give and devise one undivided third part of all my salt meadow at Oyster Bay to my said executors on the same trusts during the life of my son Alfred as are declared in the preceding twelfth clause, and after his death the said one third shall pass to my two sons Graham and Edward as tenants in common in fee. The other two undivided third parts of said salt meadow, I give and devise after the death of my wife to my two sons Graham and Edward and to their heirs as tenants in common.

"Fourteenth: All the rest, residue and remainder of my estate, real and personal, if any, including all that may lapse, if any, I give, devise and bequeath to my two sons Graham Youngs and Edward A. Youngs, and to my four daughters Lavine, Alice E., Gertrude W., and Fannie Henrietta, and to their heirs as tenants in common.

"Fifteenth: In case of the death of any child of mine before me, if he or she leave any issue surviving me, such issue shall take per stirpes the share intended for such deceased child of mine; if he or she leave no issue the share intended for him or her shall fall into and form part of my residuary estate; the preceding provision to apply only where no different provision is made.

"Sixteenth: Any sums of money that I have advanced or shall advance to either of my two sons Graham and Edward shall be a charge on any estate, real or personal, that may come from me to the son to whom the advance has been or shall be made.

"Seventeenth: The provisions herein made for my wife are to be in full bar satisfaction and discharged of her dower and of every interest or claim that she may make as my widow or otherwise to any part of my estate, real and personal, whether it shall have lapsed or not.

"Eighteenth: I nominate, constitute and appoint my said wife Henrietta Graham Youngs and my daughter Fannie Henrietta Youngs the Executors of this will and the Trustees under the several trusts herein created. And I authorize them as such Executors and the survivor of them with the concurrence of my wife if she be then living, to sell such portions of my lands including those at Oyster Bay free from any charge, and from any estate in any one, as to said Executors or the survivor of them may seem expedient. The proceeds of any such sale to pass in the same manner as the lands to be sold would have passed if such lands had not been sold. All the estates, powers and authority and discretion in this will given to, vested in, or conferred upon my executors or trustees herein appointed, are given to them and the survivor of them and to such one or more of them as shall be qualified and take upon themselves or herself the execution of this Will.

"Nineteenth: Having heretofore advanced to my son Edward A. Youngs the sum of Seven thousand five hundred dollars, I give notwithstanding anything hereinbefore contained the right to said principal sum of money without any interest, to my said wife Henrietta Graham Youngs for her own sole benefit, and do make the same a charge in her favor only, on the share of lands devised by my said Will to said Edward A. Youngs.

"Lastly: I do hereby revoke all former Wills and codicils heretofore made by me, declaring this to be my last Will and Testament.

"In witness whereof, I have hereto set my hand and seal this twentieth day of March, in the year of our lord eighteen hundred and eighty-two.

"[Seal.]                                         Thos. F. Youngs.

"Signed, sealed, published and declared in nine pages, by said testator, as and for his last Will and testament and by him subscribed at the end there-

of, in the presence of us, who thereupon, in his presence, at his request, and in the presence of each other, have subscribed our names as witnesses and our residences.

"The word 'for' on 2nd page, and the words 'and including my house and land at Cold Spring Harbor' on 6th page interlined before execution. The words 'to the persons' on 3rd page being repeated are cancelled once, and the words 'in this clause' on 7th page are cancelled once before execution.

"Edwd Mitchell 45 West 55th St. New York City
"Wm. Mitchell Jr. No 60. West 9th St. N. Y. City
"Wm. Mitchell        do.        do.        do.

"In the Name of God, Amen!

"I, Thomas F. Youngs, of the town of Oyster Bay, Long Island, the testator in the annexed Will, dated the Twentieth day of March, 1882, do make, publish and declare the following as a Codicil to my said Will.

"First: Having learned of the death of my beloved son Edward A. at Manila, about the third of September last, and he having left no issue, I revoke the devises and bequests in said Will made to him, or for his benefit. As to all the property and rights in said Will purporting to be given to him, or intended for his benefit, whether real or personal, or given or intended for him solely or individually or as tenant in common with his brother Graham or any other person, I give, devise and bequeath all such property and rights to my son Graham and his heirs forever, in addition to the property and rights or share of any property and rights already given or intended by said Will to or for said son Graham. The said property and rights, whether given to said son Graham by said Will or by this codicil to be possessed at the time prescribed in said Will as to devises to said Graham, and the title in him to vest on my death, said property and rights to be subject to the payment by said Graham and his heirs and issue of the principal sum of Thirty thousand dollars advanced, by me lately to said Graham, and of the further sum of seven thousand five hundred dollars advanced by me to my said son Edward A. in his lifetime, or due by him to me; and to be subject to the payment also by said Graham and his heirs and issue, of all debts that said Graham shall owe to me at my decease, and of all advances that I may hereafter make to him; and I do hereby charge all the property and rights that shall pass from me to my said son Graham or his issue at my decease with the payment of all the advances and debts in this clause mentioned. The advances not to be charged with any interest that might accrue during my life, but to bear interest from the date of my death, the debts to bear interest according to law. The payment of said Seven thousand five hundred dollars to be made to my wife, if she survive me, and if she do not survive me, then to pass as in the fourth clause of this Codicil is provided. The payment of said advances to, and debts of said Graham, to be made to my executors, and the same to be deemed part of my personal estate, and to pass as my personal estate should pass under said Will and this Codicil; said payment to be made at the end of one year from my death, or then to be secured by a first mortgage on all the property and rights that shall pass from me to my said son Graham, or his issue, or such part thereof as my Executors may deem safe; such mortgage to be made payable as to the principal on or before the death of my wife, and as to the interest, half yearly, and to be accompanied by the bond of the mortgagor.

"Second: The tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth and sixteenth clauses in said Will are to be deemed so modified as to conform to the intent of this Codicil, and I revoke the Nineteenth clause of said Will.

"Third: The power of sale of lands devised by me to my Executors is hereby restricted to sales to be made in the lifetime of my wife, and with her concurrence.

"Fourth: In case of the death of my wife before me, the right to the possession as well as the title to any lands shall vest on my death immediately in those to whom the lands respectively are devised, after my wife's death, and the right to the possession as well as the title to any personal estate given or intended to be given, by said Will or Codicil, to her for life, or absolutely, shall vest on my death immediately and absolutely in my children, Graham, Lavine, Alice E., Gertrude W. and Fannie Henrietta, equally to be

divided between them. The provisions in Section 15 of the Will (as to death of any such child before me) shall apply to such personal estate.

"In Witness Whereof, I, the said Thomas F. Youngs, have hereto set my hand and seal, this twenty fifth day of October in the year of our Lord eighteen hundred and eighty two.          Thomas F. Youngs [L. S.]

"Signed, sealed, published and declared in three pages, by said Testator as a codicil to his last Will and Testament, hereto annexed, and forming with it his last will and Testament, said Codicil being also subscribed by him at the end thereof, all done in the presence of us, who in his presence, at his request, and in the presence of each other, have subscribed our names hereto as witnesses and our residences. The word 'thousand' on 3rd line from foot of 1st page; the word 'intent' on last line second page being written on erasures, and the word 'Lavine' on 3rd page written partly on erasure.

"Edwd. Mitchell, 45 West 55th Street New York City.

"Wm. Mitchell, Jr, No 60 West 9th St. N. Y.

"Wm. Mitchell          do          do"

Third. That the said Thomas F. Youngs left him surviving, at the time of his death, as widow, only heirs at law, and next of kin and legatees, as follows: Henrietta Graham Youngs, Fannie Henrietta Youngs, Lavine G. Meyer, Alice E. Nash, Gertrude W. Youngs (now Gertrude W. Cheever), Alfred Youngs, and Graham Youngs.

Fourth. That the said Graham Youngs departed this life April 9, 1887, and after the testator, leaving his last will and testament of real and personal property, which was admitted to probate by the surrogate of the county of Suffolk, and duly recorded in his office as such, and is as follows:

"I, Graham Youngs, of Babylon, County of Suffolk, State of New York, do make publish and declare the following as and for my last Will and Testament, that is to say:

"I. I direct my Executor hereinafter named to pay my just debts and funeral expenses.

"II. I give and bequeath to my wife Ada C. Youngs the sum of one dollar.

"III. I give, devise and bequeath to my daughter Josephine Graham Youngs the sum of Ten dollars.

"IV. All the rest, residue and remainder of my estate, both real and personal, of which I shall die seized or possessed, or to which I shall be entitled, I give devise and bequeath to the Knickerbocker Trust Company of the City of New York, in trust however for the following uses and purposes. I direct my said Trustee, the Knickerbocker Trust Company, to pay over for the support education and maintenance of my son, Graham Youngs, the income of my said estate, or if in its discretion it may deem proper from the principal of said estate, until my said son shall arrive at the age of twenty-one years. When my said son shall arrive at the age of twenty-one years, I direct my said Trustee to pay over to him the entire principal of my said estate.

"V. I make constitute and appoint The Knickerbocker Trust Company to be the Executor of this my will and Trustee hereunder.

"In Witness Whereof, I have hereunto set my hand and seal, the sixteenth day of December in the year of our Lord One thousand Eight hundred and eighty six.          Graham Youngs. [L. S.]

"Signed, sealed published and declared by the said Graham Youngs as and for his last Will and Testament, and by him subscribed in the presence of us and each of us, who thereupon in his presence and at his request and in the presence of each other have subscribed our names as witnesses thereto, and he acknowledged to us and each of us the execution of the said last Will and Testament. The words 'William J. Youngs of Oyster Bay' on first page of this paper erased before execution. Also the words 'his' and 'he' on line 22 of the first page hereof stricken out and the words 'its' and 'it' inserted in place thereof before execution.

"Henry A. Root, 23 West 24th St. New York City,

"Edwd W. Starr, 151 Monroe Street, Brooklyn, New York.

"Jos. Foulke, Nutley, N. J."

Fifth. That the Knickerbocker Trust Company of the City of New York, whom the said Graham Youngs appoints in his will executor and trustee, refused to qualify as such, and duly renounced, and thereupon his widow, Ada C. Youngs, was duly appointed as administratrix with the will annexed of his estate, and also guardian of his two infant children, Graham Youngs and Josephine Graham Youngs, and these two last are the only children and heirs at law of the said Graham Youngs.

Sixth. That the said Graham Youngs never accepted the above devises made in his favor, but neglected and refused to receive the same, or to act under them, or to become vested with the estate so devised to him, or to assume or become subject to, or chargeable with, any of the liabilities, which would follow on his receiving the said legacies, devises, or the benefits thereof.

Seventh. That the legacy and other amounts set forth in the complaint, and to recover which this action is instituted, are as follows: A legacy of a debt of Edwin A. Youngs to the testator amounting to $7,500, which is given to the testator's widow, the plaintiff, Henrietta Graham Youngs. An advance of $30,000, made by the testator to the said Graham Youngs before the testator's death. The sum of $9,262.23, the indebtedness of said Graham Youngs to the firm of Youngs & Co., which the said testator assumed with Graham's knowledge and assent.

Eighth. That as to the interest on the said sums the testator directs that interest be paid on the $7,500, given to his widow, from his death; also, that interest be paid on the $30,000 from his death, and that as to the indebtedness of $9,262.23 interest shall run on that according to law.

Ninth. The last two amounts are directed to be collected by the plaintiffs the executrices and trustees, and when so collected are to be distributed by them under the will.

Tenth. The lands which are the subject-matter of this action consist of about 365 acres. As the whole estate is subject to the widow's life estate, and after her death that part which composed the testator's dwelling house and farm adjoining it are subject to another life estate during the life of his son Alfred, I have caused separate descriptions to be proved, showing, first, the part which is subject to the life estate for the benefit of his son Alfred Youngs after the widow's death, and another description, showing the remaining part of said lands which after the widow's death is subject to no life or other estate or lien. Such descriptions are as follows: * * *.

Eleventh. That the said land, if sold at public sale, free from or unincumbered by any liens or life estates, would probably bring the amount hereinbefore stated. Said lands would bring only a nominal price if sold at public sale, and incumbered as they now are by the two life estates above mentioned.

Twelfth. The lands which form the subject of this action may, with the concurrence of the widow of testator, be sold free and clear of all charges and of any life estate under the power of sale contained in the will of Thomas F. Youngs.

I further report, as a matter of law:

First. That all the said lands are subject to the life estate of the said Henrietta Graham Youngs for her life.

Second. That on her death a part of the said lands remain devised in fee to the plaintiffs, in trust for the benefit of Alfred Youngs for his life. These lands are one-third of the salt meadow tract and the mansion house and lands appurtenant to it, in the preceding description described as forming the southerly part of the residence of the late Thomas F. Youngs.

Third. That all of the lands which form the subject of this action, subject to the two life estates of the testator's widow and in favor of his son Alfred, are chargeable with the three legacies mentioned in the will; that the first legacy is $7,500, and is payable to the complainant, the widow, Henrietta Graham Youngs, with interest from the testator's death to the date of my report, and amounts to $11,001.90; that the remaining two amounts chargeable on the lands amount to $39,262.23; that this amount is payable to the plaintiffs, as executrices and trustees of and under the last will and testament of Thomas F. Youngs, deceased, to be by them disposed of as directed

by said last will and testament, and, with interest at the date of my report, amounts to $57,595.75.

Fourth. That subject to the two life estates in favor of the widow and the son Alfred, and subject to and charged with these three amounts, the said lands have descended to and are now vested in fee simple in the heirs at law of the said testator as tenants in common as follows: Fannie Henrietta Youngs, one-sixth; Lavine G. Meyer, one-sixth; Alice E. Nash, one-sixth; Gertrude W. Cheever, one-sixth; Alfred Youngs, one-sixth; Graham Youngs, one-twelfth; and Josephine Graham Youngs, one-twelfth.

Fifth. That a judgment or decree in the form settled by me and herewith reported be entered, directing that the said lands, or so much thereof as may be necessary for the payment of the said legacies, interests, and the costs and expenses of this action, taxes, and other legal charges thereon, be sold under the direction of this court, subject to the aforesaid life estates of Henrietta Graham Youngs and Alfred Youngs, and, after the payment of the aforesaid amounts, such amount as may then remain of such proceeds be brought into and deposited with the court, according to law.

Sixth. That the said lands being unsalable, and incumbered as they are by the two life estates, it should be directed that said lands be sold free and clear of all charges and life estates, and in accordance with such equitable provisions as may be set forth in the decree hereinafter to be entered; but such directions cannot be given except upon the consent of the executors and the concurrence therein of the widow of Thomas F. Youngs.

Seventh. That the plaintiffs have their costs and expenses, and the attorneys for the other parties to this action their costs to be taxed, with an allowance to each of the guardians ad litem.

All of which is respectfully submitted.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, and JENKS, JJ.

Abel Crook (Charles De Kay Townsend and Mortimer S. Brown, on the brief), for appellants, Graham Youngs and Josephine Graham Youngs.

Eliot Norton, for Lavine G. Meyer.

Latham G. Reed, for plaintiffs respondents and for Alice E. Nash, respondent.

PER CURIAM. After careful consideration of this somewhat complicated and intricate case, we have reached the conclusion that the judgment (which was not brought before this court until more than 13 years after its rendition) should be affirmed, for the reasons given by the learned and accomplished referee (now deceased) before whom the action was tried. We think he was clearly right in finding as a matter of fact that Graham Youngs, Sr., did not accept the devise of the lands in controversy under his father's will. These lands having passed to the heirs at law of the testator, we also agree with the referee that all the shares are subject to the charges made in the devise to Graham Youngs, Sr., and that these charges should not be restricted only to the shares which go to his children. It seems to have been the intention of the testator that the lands devised to his son Graham, to whomsoever they might go if he failed to accept the devise, should bear the burden of paying Graham's indebtedness to the testator's estate. It is not hostile to the intent of the testator to hold that all the lands are subject to the charges, instead of only the shares which the children of Graham take as heirs at law. The testator intended that Graham should have all these lands after paying his debt, if he did pay it

—in other words, he intended that Graham's debt should be paid out of the lands devised to him; and there is no injustice in carrying out this intention, no matter who acquires the lands in consequence of Graham's failure to accept the devise.   If he had accepted the devise, none of the heirs would have received any portion of these lands whatever.

The judgment should be affirmed.

Judgment affirmed, with costs.